**Delaware County v. Campbell**

*Francis John Catania,* for plaintiff.
*Simon Campbell,* pro se.

KENNEY, *J.,* April 12, 2011—And now, upon consideration of appellant, Delaware County's appeal from the final decision of the Pennsylvania Office of Open Records, No. 2011-0127, the following findings of fact and conclusions of law are hereby entered pursuant to

65 P.S. § 67.1302(a);

## FINDINGS OF FACT

1. Appellee, Simon Campbell, submitted a request on standard form ("request"), pursuant to the Right-to-Know Law, seeking the following:

> An excel spreadsheet of the most recently updated property tax assessment records...in the possession of Delaware County with redactions of home addresses for the following individuals: (a) All public school employees of all public school employers; and (b) All retired public school employees of all public school employers.

See, "petition Requesting Judicial Review of Final Determination of the Pennsylvania Office of Open Records" at "Exhibit 2."

2. The request sought redactions of names and addresses of the current and retired public school employees pursuant to our Supreme Court's November 1, 2010 order in *The Pennsylvania State Education Association, et al. v. Commonwealth of Pennsylvania, et al.* staying the release of such information. See, *id.*; See Also, *The Pennsylvania State Education Association, et al. v. Commonwealth of Pennsylvania, et al.*, No. 195 MM 2010 (Pa. Nov. 1, 2010) (order staying the Sept. 24, 2010 order of the Commonwealth Court).

3. Delaware County responded to the request on February 7, 2011 ("Denial"), stating the following:

> We have reviewed your request and determined we

do not have the information requested. The county of Delaware has no way of knowing who is a public school employee and who is a retired public school employee from our tax assessment rolls. [Right-to-Know Law] section 705 states when responding to a request for access, an agency shall not be required to create a record which does not currently exist or to compile, maintain, format or organize a record in a manner in which the agency does not currently compile, maintain, format or organize the record. [Right-to-Know Law], 65 P.S. § 67.705.

See, "petition requesting judicial review of final determination of the Pennsylvania Office of open records" at "Exhibit 3."

4.   The Pennsylvania Office of Open Records, on appeal, required the following of the parties in submitting information in support of their respective positions: "all facts and statements of fact...*must be supported* by an affidavit made under penalty of perjury by a person with actual knowledge." See, *Campbell v. Delaware County*, O.O.R. Dkt. No. AP 2011-0127, Final Determination at 2 (Pa.O.O.R. Mar. 2, 2011) (emphasis original).

5.   The factual background contained within the final determination of the Office of Open Records in the matter of *Campbell v. Delaware County*, O.O.R. Dkt. No. AP 2011-0127 (Pa.O.O.R. Mar. 2, 2011) (a copy is attached hereto) is hereby incorporated into this court's Findings of Fact.

## CONCLUSIONS OF LAW

1.   The record on appeal is complete for a

determination to be made on the instant appeal. See, 65 P.S. § 67.1303(b).

2. Pennsylvania's Right-to-Know Law ("RTKL") does not vest the office of open records with the authority to require a sworn affidavit from parties in a RTKL appeal in lieu of holding a hearing. See, 65 P.S. § 67.101, et seq.

3. The RTKL does, however, provide the Office of Open Records the discretionary power to conduct a hearing, in a RTKL appeal, and receive evidence and testimony from the parties. See, 65 P.S. § 67.1102(a)(2).

4. The "Legal Analysis" contained within the final determination contains no legal analysis.

5. Open records officers of Commonwealth and local agencies are presumed to act in good faith, and apply their good common sense and human experiences, in reviewing requests made pursuant to the RTKL. See, 65 P.S. § 67.901; See Also, *Delaware County v. Schaefer,* No. 10-15157, slip op. at 11 (Pa.Com.Pl. Apr. 8, 2010).

6. Pursuant to the RTKL, Delaware County's response that it has no way of determining who are current and retired public school employees is a good faith response. See, 65 P.S. § 67.901.

7. Delaware County cannot be required to disclose records it does not have, or compile lists that it does not already maintain. See, 65 P.S. § 67.705.

8. Delaware County cannot provide access to the property tax records requested with the names and addresses of current and retired public school employees

redacted, as this information is not able to be redacted. See, 65 P.S. § 67.706.

9. The denial, on its face, is just and proper under the RTKL. The Office of Open Records did not need more information to review this request and denial, whether under affidavit or not, and the Office of Open Records should have summarily upheld the denial of the Delaware County open records officer.

10. To require Delaware County to contact each and every property owner within the county for a determination as to who is a current or retired public school employee is not only an absurd requirement contrary to the RTKL, it is also an entire misappropriation of taxpayer funds.

11. The Office of Open Records continued failure to apply any common sense in its final determinations is costing this court its judicial resources and time, and moreover, costing Commonwealth and local agencies, such as the County of Delaware, excessive taxpayer funds in having to litigate untenable final determinations of the Office of Open Records, such as the one provided herein for review.

Based upon the foregoing, the following order is hereby entered:

## ORDER

And now, April 12, 2011, upon consideration of the appeal of Delaware County of the final determination of the Pennsylvania Office of Open Records, in the matter of *Simon Campbell v. Delaware County*, No. 2011-0127 (Mar. 2, 2011), it is ordered and decreed as follows:

1. The appeal of Delaware County is hereby granted; and

2. The final determination of the Pennsylvania Office of Open Records, in the matter of *Simon Campbell v. Delaware County*, No. 2011-0127, dated March 2, 2011, is hereby summaily reversed.

## PENNSYLVANIA OFFICE OF OPEN RECORDS FINAL DETERMINATION

### INTRODUCTION

Simon Campbell (the "requester") filed a Right-to-Know request with Delaware County ("county") pursuant to the Right-to-Know Law 65 P.S. §§67.101 et seq., ("RTKL"), seeking an excel spreadsheet of property tax assessment records. The county denied the request, stating records do not exist and that it is not required to compile, maintain, format or organize records in a manner in which it does not currently do so. The requester timely appealed to the Office of Open Records ("OOR"). For the reasons set forth in this final determination, the appeal is granted in part and denied in part and the county is required to take further action.

### FACTUAL BACKGROUND

On January 31, 2011, the requester submitted a request for the following:

An Excel spreadsheet of the most recently updated property tax assessment records...in the possession of Delaware County with redactions of home addresses for the following individuals:

a)   All public school employees of all public school employers

b)   All retired public school employees of all public school employers. ("Request").

The requester defined "property tax assessment records" as "property tax assessment records for all taxable properties in Delaware County and shall include at a minimum each property owner's name, the property address and the assessed value of the property." He further advised that the county is required to redact the records as described above pursuant to a Supreme Court injunction regarding the release of public school employee home addresses and OOR final determinations regarding retired school employees. He asserts that if the county does not perform the required redactions, it would fail to provide him with responsive records. On February 7, 2011, the county denied the request, asserting it does not have the requested information. It contends it has no way of knowing who is a public school employee and who is a retired public school employee from its tax assessment rolls.

The requester timely appealed the denial. The parties were invited to submit information in support of their respective positions and advised that "all facts and statements of fact...must be supported by an affidavit made under penalty of perjury by a person with actual knowledge." Neither party did so.

## LEGAL ANALYSIS

The RTKL is "designed to promote access to official

government information in order to prohibit secrets, scrutinize the actions of public officials and make public officials accountable for their actions." *Bowling v. OOR,* 990 A.2d 813, 824 (Pa. Cmwlth. 2010). The OOR is authorized to hear appeals for all Commonwealth and local agencies. See 65 P.S. §67.503(a). An appeals officer is required "to review all information filed relating to the request." 65 P.S. §67.1102(a)(2). An appeals officer may conduct a hearing to resolve an appeal. The decision to hold a hearing or not hold a hearing is discretionary and non-appealable. *Id.* The law also states that an appeals officer may admit into evidence testimony, evidence and documents that the appeals officer believes to be reasonably probative and relevant to an issue in dispute. *Id.* Here, neither party requested a hearing and the OOR has the necessary, requisite information and evidence before it to properly adjudicate the matter.

The county is a local agency required to disclose public records. 65 P.S. §§67.102 and 302. Records in possession of a local or Commonwealth agency are presumed public unless exempt under the RTKL or other law or protected by a privilege, judicial order or decree. See 65 P.S. §67.305. An agency bears the burden of proving the applicability of any cited exemptions, See 65 P.S. §67.708(b). Section 708 of the RTKL clearly places the burden of proof on the public body to demonstrate that a record is exempt. In pertinent part, Section 708(a)(1) states: "[t]he burden of proving that a record of a Commonwealth agency or local agency is exempt from public access shall be on the Commonwealth agency or local agency receiving a request by a preponderance of the evidence." 65 P.S.

§67.708(a). Preponderance of the evidence has been defined as "evidence which as a whole shows that the fact sought to be proved is more probable than not." *Black's Law Dictionary* 1064 (8th ed.); see also *Commonwealth v. Williams*, 567 Pa. 272, 786 A.2d 961 (2001).

In the present case, the county did not provide an affidavit to support the assertions set forth in its initial denial letter. The county does not provide any explanation as to what it means by its statement that it does not have the information requested and does not assert that it does not possess the requested Excel spreadsheet with the property assessment records. The county does not provide any responsive records and does not assert that any records are protected. Based on the county's failure to provide any evidentiary basis in support of a denial under the RTKL, the county did not meet its burden under the RTKL and the appeal is granted. See 65 P.S. § 67.305.

The OOR notes that the Pennsylvania Supreme Court reinstated a preliminary injunction issued by Judge Friedman barring the OOR from directing the release of the home address of school district employees. *Pa. State Educ. Ass'n v. Commonwealth*, 2010 Pa. LEXIS 2520 (Pa. Nov. 1, 2010). Therefore, to the extent that requested record contains the addresses of public school employees, the OOR does not order the release of public school employee addresses.

## CONCLUSION

For the foregoing reasons, the requester's appeal is granted in part and denied in part and the county is required to produce the requested records, subject to redactions

for the home addresses of any public school employee. This final determination is binding on the parties. Within thirty (30) days of the mailing date of this determination, either party may appeal to the Delaware County Court of Common Pleas. See 65 P.S. § 67.1302(a). All parties must be served with notice of the appeal. The Office of Open Records also shall be served notice and have an opportunity to respond according to court rules as per section 1303 of the RTKL. The parties are further advised that a copy of this final determination will appear on the Office of Open Records website, http://openrecords.state.pa.us